UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT WINBURN,

        Plaintiff,                        Case No. 2:06-cv-130

v.                                          Honorable Gordon J. Quist

J. HADFIELD, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis.* Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff, an inmate at the Kinross Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer J. Hadfield and Correctional Employee Unknown Party named as John/Jane Doe. Plaintiff alleges that he is a protective custody prisoner who is confined to a segregated housing unit within a general population compound. Plaintiff is a documented sufferer of kidney stones and must drink large amounts of water in order to reduce his chances of developing further stones. Plaintiff was scheduled to be seen by health care on November 16, 2005, at 7:00 a.m. for a foot infection. Shortly after 12:30 a.m., Plaintiff began to suffer from severe pain, so Plaintiff took twelve ibuprofen and consumed 120 ounces of water between 12:30 and 4:30 a.m. Plaintiff finally fell asleep. Plaintiff woke at 6:55 a.m. and did not have time to use the bathroom before his appointment. Plaintiff arrived at health care at 7:05 a.m. and sat in the waiting room for some time before he was seen by the nurse. The nurse refused to address Plaintiff's concerns about his kidney stones because his appointment had been scheduled to address Plaintiff's foot problems.

While Plaintiff was in the waiting room for over one hour he attempted to use the bathroom. However, a new sign was posted on the door stating, "No A3 Prisoners Allowed." Plaintiff asked Defendant Hadfield if he could use the bathroom, explaining that he was in pain from kidney stones and had consumed a large amount of water during the night. Defendant Hadfield became very belligerent, got red in the face, and appeared to be angry. Defendant Hadfield stated that A3 prisoners were "a bunch of rat bitches" and had "nothing coming," and that if Plaintiff did not like it, he could "piss in his pants" and "write a grievance." Plaintiff responded that such a

practice was discriminatory because using the bathroom was a basic human need. Defendant Hadfield again stated that protection prisoners had nothing coming. During this exchange, general population prisoners were allowed to come and go to the bathroom. Once all of the A3 prisoners were seen by health care personnel, they were escorted back to their housing unit. On the trip back to his unit, Plaintiff urinated in his pants because he was unable to control his bladder any longer.

When Plaintiff entered his cell, his cell mate noticed a wet spot on his pants and joked about it. Plaintiff then removed his pants and underwear and put them in a plastic bag to be washed later. Plaintiff states that his pants contained a mixture of blood and urine. Plaintiff then went to the restroom to wash up and noticed that a small piece of kidney stone was lodged on the inside of his urinary tract. Plaintiff removed the stone and placed it in a sterile plastic bag. After Plaintiff passed the kidney stone, his urine was tinged with blood for several hours.

Plaintiff alleges that on February 14, 2006, he spoke with Corrections Officer Hudak while being escorted to the gym. Corrections Officer Hudak recalled Plaintiff urinating in his pants and stated that he thought it was unfair to deny prisoners use of the restroom. Corrections Officer Hudak further stated that the sign had been placed on the restroom door because general population prisoners were discovered to have been planting contraband such as tobacco for administrative segregation prisoners, and that if anyone was to be precluded from using the restroom, it should have been the general population prisoners. Following Plaintiff's grievance, an investigation was conducted into the situation, which prompted the Warden to issue specific rules for health services. Under the new rules, any prisoner may use the restroom upon staff permission.

Plaintiff claims that Defendants violated his rights to equal protection and to be free from cruel and unusual punishment. Plaintiff seeks damages and equitable relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant Hadfield violated his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "Not every unpleasant experience a

prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

As noted above, Plaintiff claims that he was forced to delay emptying his bladder for over an hour despite the fact that he had a history of kidney stones and had explained his situation to Defendant Hadfield. As a result, Plaintiff urinated in his pants on the way back to his cell. This was uncomfortable, embarrassing and unfortunate. However, in the opinion of the undersigned, such allegations do not rise to the level of an Eighth Amendment violation. Moreover, it does not appear that Plaintiff suffered any injuries as a result of urinating in his pants. Plaintiff's passing of a kidney stone was not the result of Defendant Hadfield's actions. Plaintiff makes no allegations of any type of physical injury. Consequently, because Plaintiff fails to allege or show that he suffered any physical injury, his Eighth Amendment claim for damages is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir.1999); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir.1999); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir.1997); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Plaintiff also claims that the rule preventing segregation prisoners from using the restroom in health services violated his right to equal protection. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*,

473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976). Because a fundamental right is not implicated in this case and Plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, the decision to deny protective segregation prisoners the ability to use the restroom in health services need only be rationally related to a legitimate governmental interest. *See United States v. Kras*, 409 U.S. 434, 446 (1973) ; *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In this case, Plaintiff states that all protection prisoners were being prevented from using the restroom in health services. According to the grievance responses, which are attached as exhibits to Plaintiff's complaint, a security problem had arisen regarding the passing of contraband between segregation/protection prisoners and general population prisoners. Consequently, a sign was posted prohibiting protection/segregation prisoners from using the health services bathroom. In the step II response, Warden Linda M. Metrish indicated that the rules in health services would be reviewed and updated and that it was her recommendation that segregation/protection prisoners be allowed to use the bathroom. In the opinion of the undersigned, Plaintiff has failed to show that there was absolutely no basis for the rule preventing segregation/protection prisoners from using the bathroom in health services. Therefore, the undersigned recommends that his equal protection claim be denied.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed **for failure to state a claim** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 8, 2006


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).