UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ROBERT WINBURN,

       Plaintiff,

v.                                                            Case No. 2:06-CV-130

J. HADFIELD, et al.,                    HON. GORDON J. QUIST

       Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the report and recommendation dated August 8, 2006, in which Magistrate Judge Greeley recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. In particular, the magistrate judge concluded that Plaintiff's Eighth Amendment claim fails because Plaintiff's allegations that he was not permitted to use the toilet for over an hour, although he had a history of kidney stones and had explained the situation to Defendant Hadfield, do not rise to the level of an Eighth Amendment violation. The magistrate judge also concluded that Plaintiff's claim for damages is barred by 42 U.S.C. § 1997e(e) because Plaintiff failed to show that he suffered any physical injury. With regard to his equal protection claim, the magistrate judge concluded that the claim fails because Plaintiff fails to allege that there was absolutely no basis for the rule preventing segregation/protection prisoners from using the toilet in health services.

After conducting a *de novo* review of the report and recommendation, the Court will adopt the report and recommendation with regard to Plaintiff's equal protection claim but will reject it with regard to Plaintiff's Eighth Amendment claim.

With regard to the equal protection claim, Plaintiff argues that the magistrate judge improperly made a credibility determination when he concluded that Plaintiff failed to show that there was absolutely no basis for the rule restricting toilet usage. This Court disagrees. In making this determination, the magistrate judge relied upon the grievance responses, which were attached to the complaint. He noted that prison officials adopted the rule because of problems that had arisen regarding the passing of contraband between general population prisoners and segregation/protection prisoners. While the rule was ultimately changed as a result of Plaintiff's grievances and may have been a misguided solution to the problem, the magistrate judge was correct in concluding that there was some rational basis for the rule.

With regard to Plaintiff's Eighth Amendment claim, however, the Court agrees with Plaintiff that his allegations are sufficient to state a claim for violation of the Eighth Amendment. The Supreme Court and other courts, including the Sixth Circuit, have recognized that a refusal to allow a prisoner to use the toilet can constitute cruel and unusual punishment. For example, in *Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508 (2002), the Supreme Court observed that "deprivation of bathroom breaks" and other circumstances to which the plaintiff was subjected could constitute the a "gratuitous infliction of 'wanton and unnecessary' pain." *Id.* at 738, 122 S. Ct. at 2514-15. In *Tate v. Campbell*, 85 F. App'x 413 (6th Cir. 2003), the Sixth Circuit, citing this Court's decision in *Glaspy v. Malicoat*, 134 F. Supp. 2d 890 (W.D. Mich. 2001), stated that "forcing a person in the custody or under the control of state authority to publicly soil themselves may create a constitutional violation." *Id.* at 417. The court concluded, however, that the plaintiff's allegations of discomfort from having a full bladder, rather than of actually soiling himself, did not rise to the level of an Eighth Amendment violation. *See id.*

In *Glaspy*, cited by Plaintiff in his objections, this Court found after a bench trial that the defendant violated the plaintiff's substantive due process rights by refusing to allow him to use the restroom during prisoner count, in spite of the plaintiff's complaints that he was in pain and needed to use the restroom. *Glaspy* differed from this case in at least two respects. First, the plaintiff was not a prisoner but, rather, was a visitor asking to use the facility. Thus, his claim was properly analyzed as a substantive due process violation rather than an Eighth Amendment violation. Second, in *Glaspy*, unlike in this case, there was no policy in place prohibiting visitors from using the restroom during count time and, thus, there was no basis for the defendant to deny the plaintiff's toilet request. *See* 134 F. Supp. 2d at 893, 896. Neither of these distinctions, however, provide a basis for concluding that Plaintiff fails to state an Eighth Amendment claim in this case. As noted above, a refusal to allow a prisoner to use the toilet may give rise to an Eighth Amendment claim. Moreover, with regard to the existence of a policy, there is no indication that Defendant Hadfield could not have accommodated Plaintiff's need to use the restroom by allowing him to use some other restroom at the facility. In *Simpson v. Overton*, 79 F. App'x 117 (6th Cir. 2003), the plaintiff, an elderly prisoner who, as a result of health problems, had to urinate frequently, alleged that he was forced to urinate on himself several times during prisoner count due to a prison policy that prohibited prisoners from using the toilet during prisoner count and from keeping urinal bottles in their cells. The plaintiff filed a grievance complaining of his situation, and the prison's medical director denied the grievance but offered the plaintiff a urinal bottle and suggested that he use the toilet before and after count. The Sixth Circuit characterized the plaintiff's Eighth Amendment claim not as a claim of inadequate medical care, but, rather, inhumane application of a prison policy. The court held that the plaintiff failed to state a claim because if the medical director had the power or authority to grant an exemption to the policy, the offer of a urinal bottle would have resolved the grievance. On the

other hand, the court reasoned, if the director could not grant an exemption, the plaintiff sued the wrong official. The court reasoned that in either situation, the medical director could not have been deliberately indifferent to the plaintiff's needs. *See id.* at 120. In this case, there is no indication that the policy at issue precluded Defendant Hadfield from accommodating Plaintiff's need to use the restroom, such that under the facts alleged, Hadfield could not have been deliberately indifferent.

With regard to the magistrate judge's second ground for recommending dismissal, the Court agrees that Plaintiff has not alleged a physical injury as required by 42 U.S.C. § 1997e(e) for purposes of recovering compensatory damages. However, while the Sixth Circuit has apparently not addressed the issue, several courts have held that § 1997e(e) does not bar claims for nominal and punitive damages. *See Allah v. Al-Hafeez*, 226 F.3d 237, 252-53 (3d Cir. 2000); *Royal v. Kautzky*, 375 F.3d 720, 722-23 (8th Cir. 2004); *Searles v. Van Bebber*, 251 F.3d 869, 879, 880-81 (10th Cir. 2001). This Court agrees with the reasoning of these cases and will allow Plaintiff's Eighth Amendment claim to proceed with regard to nominal and punitive damages, which Plaintiff has requested in his complaint. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 8, 2006 (docket no. 3) is **ADOPTED IN PART AND REJECTED IN PART** as the Opinion of this Court. The report and recommendation is adopted with regard to Plaintiff's equal protection claim, which is **dismissed with prejudice**. The report and recommendation is rejected with regard to Plaintiff's Eighth Amendment claim. Plaintiff shall be permitted to proceed on that claim with respect to nominal and punitive damages, but not compensatory damages.

Dated: March 7, 2007              /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE