UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ROBERT WINBURN #222196,

    Plaintiff,

v.                                                Case No. 2:06-CV-130

J. HADFIELD, et al.,                         HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Defendant's Objections to the report and recommendation dated February 13, 2008. In his report and recommendation, Magistrate Judge Greeley recommended that Defendants' motion for summary judgment for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) be denied. The magistrate judge concluded that although Plaintiff did not include every detail of the incident in his Step I grievance, his grievance was adequate to comply with the MDOC's grievance policy by providing a brief description of the incident. The magistrate judge found that Plaintiff's omission from his grievance that he had consumed a large amount of water prior to the incident; that he was in pain from kidney stones; and that Defendant Hadfield said that A-3 prisoners were "a bunch of rat bitches" and if Plaintiff did not like it he could piss in his pants, did not render the grievance insufficient to exhaust Plaintiff's claim.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

In his Objections, Defendant Hadfield again asserts that Plaintiff's alleged medical condition and his consumption of a large amount of water were material facts that should have been disclosed

in the grievance in order to give the MDOC an adequate opportunity to determine whether Defendant Hadfield properly refused to let Plaintiff use the restroom. Defendant Hadfield contends that Plaintiff was fully aware of these facts, and his failure to disclose them in his grievance renders his claim unexhausted, especially because he is asserting in his complaint that Defendant Hadfield was deliberately indifferent by refusing to allow Plaintiff to use the restroom even though Plaintiff allegedly informed Defendant Hadfield of his critical need to use the restroom.

The Court finds the magistrate judge's reasoning sound and concurs with it. Plaintiff's grievance adequately disclosed that he informed Defendant Hadfield of his urgent need to use the restroom and that Defendant Hadfield denied Plaintiff's request, even though Plaintiff told him that he was going to urinate in his pants. This is especially true, as the magistrate judge noted, in light of this Court's prior ruling that a refusal to allow a prisoner to use the restroom may give rise to an Eighth Amendment claim, even in the absence of a specific medical problem. Thus, Plaintiff properly exhausted his claim. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 13, 2008 (docket no. 34) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant Hadfield's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (docket no. 17) is **DENIED**.


Dated: March 20, 2008                    /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE